## David S. Elliott, Appellant, *v.* Daniel Laidig.

*Land law—Undescriptive warrant—Priority of survey.*

A vague and undescriptive warrant will not be sufficient to entitle the
grantee to claim title from its date as against a title under a warrant later
in date, but which was located under an earlier survey.

A warrant is descriptive solely by reason of the description which is con-
tained therein, and not because of any extrinsic facts or circumstances.

A warrant called for land " adjoining land, this day granted in Dublin
township, in the county of Bedford," which tract as located and surveyed
had six sides and therefore, insomuch as a mere description is concerned,
a location on any side would have answered its requirement.  *Held*, that
the warrant could not be called a descriptive warrant.

Argued March 14, 1898.   Appeal, No. 17, March T., 1897,
by plaintiff, from judgment of C. P. Fulton Co., Oct. T., 1895,
No. 14, in favor of defendant non obstante veredicto.   Before
RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH
and PORTER, JJ.   Affirmed.

Trespass.   Before SWOPE, P. J.

It appears from the record that this was an action of trespass
brought to recover treble the value of trees cut down as al-
leged on the land of the plaintiff by defendant and converted
to his own use under the provisions of the act of March 29,
1824.

It appeared on the trial that the plaintiff claimed title to the
land in dispute by virtue of an unbroken chain of title from

John Eackman and Jacob Faile, to whom the commonwealth granted a warrant, on the 8th day of January, 1794, "for 100 acres of land, adjoining lands this day granted to them in Dublin township, in the county of Bedford."

That a survey was made in pursuance of this warrant, by George Woods, Jr., deputy surveyor of the commonwealth, on the 26th day of June, 1794, which was returned to the land office on the 4th day of April, 1795.

That the defendant claimed title to this same land, by virtue of an unbroken chain of title from Agnes Wilds, to whom the commonwealth granted a warrant, on the 15th day of February, 1794, for "400 acres of land in Dublin township, Bedford county (of which Fulton county was then a part), adjoining lands granted to George Wilds."

That a survey was made in pursuance of this warrant by George Woods, Jr., deputy surveyor aforesaid, on the 12th day of March, 1794, and was returned into the land office July 5, 1798.

When it was found that the plaintiff claimed title under the oldest warrant, bearing date January 8, 1794, and the defendant under the oldest survey, bearing date March 12, 1794, it was agreed by all parties in interest, that the jury should find a verdict for the plaintiff, in single damages, for the value of timber cut and converted, subject to the opinion of the court on the question of law reserved, as to whether the warrant under which the plaintiff claims title, bearing date January 8, 1794, for 100 acres of land, was a descriptive warrant or not. If found to be descriptive, judgment to be entered on the verdict in favor of the plaintiff for treble the amount thereof, and if not descriptive, judgment to be entered for the defendant non obstante veredicto.

The jury found for the plaintiff in the sum of $50.90, subject to the opinion of the court on the question of law reserved.

The court directed judgment to be entered in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Errors assigned* were (1) in determining the reserved question against the plaintiff and in favor of the defendant. (2) In holding that the warrant in question was not a descriptive warrant.

*Geo. A. Smith*, with him *J. Nelson Sipes*, for appellant.—It was settled by proof and agreement, that the 400 acre warrant was a descriptive one, with a fixed location.

In the case of Fox v. Lyon, 33 Pa. 474, it is held to be the law, that, "where several warrants are taken at the same time, one of which calls for known boundaries, and the next for that warrant, and so on . . . . the location of the whole block is to be determined by the leading warrant."

In Lauman v. Thomas, 4 Binn. 51, TILGHMAN, C. J. says: "Warrants, or locations may be divided into several classes. The first are descriptive of the land intended to be surveyed, either precisely, or with such reasonable certainty, as is sufficient to designate it . . . . and if due diligence is used in obtaining a survey, the title under such warrant attaches from date."

*John P. Sipes*, for appellee.—There is but one way of determining the character of the warrant, and that is, by what appears on the face of it: Nesbit v. Rankin, 1 Yeates, 285; Galbraith v. Mauss, 2 Yeates, 244; Norris v. Monen, 3 Watts, 465; Patterson v. Ross, 22 Pa. 340.

The appellant admits, impliedly, that the 100 acre warrant is vague, but contends it is one of a block; and argues that the 400 acre warrant is the leading one, and that it being descriptive, makes the 100 acre one descriptive. He says it was conceded to be descriptive; but, in this, he falls into error. There was no concession of the kind. But conceding now that it is descriptive, as it may be under the authorities, does the statement in the 100 acre warrant, that it adjoins land that day granted to Eackman and Faile make it any more descriptive than it would have been if it had called to join land granted to some one else? We submit that it does not. It would be difficult to find a reason for making such a distinction. The case cited by the appellant as supporting his contention in this respect, Fox v. Lyon, 33 Pa. 474, does not support it. In that case the leading warrant was held sufficiently descriptive; but it is to be noticed that the warrant called for adjoiners and for the point of the compass, and the other tract was "adjoining lands this day granted to John Fox, Sr., on the north," etc.

OPINION BY BEAVER, J., July 29, 1898:

The able opinion of the trial judge in the court below upon the question of law reserved at the trial, upon which judgment was entered in favor of the defendant non obstante veredicto, is not in any sense "a new deliverance as to the law governing the character of land warrants which has been so long settled in Pennsylvania," as alleged by the appellant. In Huston on Land Titles in Pennsylvania, 427, in the case of Lessee of McKinney v. Houser, 2 Smith's Laws, 190, tried before Judges SMITH and BRECKINRIDGE, at Mifflin in 1800, which, as Judge HUSTON says, is a leading case, the court in its charge to the jury said : " Defendant has a warrant, etc. If his title depended on the descriptive part of this warrant, it would be very vague, for there can be no certainty in calling for a survey of Reuben Haines." In Hepburn's Lessee v. Levy, 4 Dallas, 218, it was said : "A vague, undescriptive warrant will not be sufficient to affect the plaintiff's survey and, although fraud is said to vitiate every transaction, yet the fraud of the deputy surveyor cannot affect the rights of the defendant." This has been the uniform tenor of all the decisions of the Supreme Court from that day to the present. Fox v. Lyon, 33 Pa. 474, is no exception. In that case " the warrant in the name of John Fox called for four hundred acres of land in Bald Eagle valley, adjoining a survey in the name of Mordecai Massey, on the north, and adjoining land of Fowler & Co. in Franklin township, county of Huntingdon. The warrant in the name of James Fox called for four hundred acres of land adjoining lands this day granted to John Fox, Senior, on the north, in Franklin township, in the county of Huntingdon." When surveys were made upon these warrants, the John Fox warrant was laid to join Mordecai Massey on the north but was not within one hundred and fifty perches of the Fowler lands, and the James Fox warrant was laid at the east instead of the north of John. In this case the Supreme Court held—WOODWARD, J., delivering the opinion—that these were shifted warrants. An effort was made by the plaintiffs in that case to show that both warrants belonged to the same person and that, by changing the interior lines of these surveys, as returned to the land office, they could be made to conform to the description contained in the warrants. After considering the claim of the

unity of the title, Mr. Justice WOODWARD says: "We cannot treat the warrants of 1794 as belonging to one man and the eight hundred acres of land covered by them as his exclusive property. The proofs in the case do not permit us to do so, whilst the presumptions which the law is called to make in behalf of paper titles compels us to regard these warrants as separate properties belonging originally to the respective owners whose names they bear. So regarding them, it appears that they were not located according to their calls and were, consequently, returned as shifted warrants, the title to which must be held to have originated when the returns were accepted. But before that time that part of the land covered by them which is in controversy in this state had been taken away by the warrants and surveys under which the defendants claim and, therefore, the plaintiffs had no right to a verdict."

The warrant under which the plaintiff's survey was made calls for "one hundred acres of land adjoining lands this day granted to them in Dublin Township in the county of Bedford." This is almost identical with the description in McKinney v. Houser, supra, and lacking the precision of the description of the James Fox warrant, in Fox v. Lyon, supra, as being "adjoining lands this day granted to John Fox, Senior, on the north." It is admitted that the land described as this day granted to Eackman & Faile in Dublin township was, as located and surveyed, a tract having six different sides. So far, therefore, as the mere description was concerned, a location on any one of the six sides would have answered its requirements and this, of course, answers the entire argument of the plaintiff that the warrant under which he claims was a descriptive warrant.

It is scarcely necessary to say that a warrant is descriptive solely by reason of the description which is contained therein and not because of any extrinsic facts or circumstances. The fact that the land on all sides of the original Eackman & Faile's survey had been appropriated by previous surveys, leaving but one side upon which the warrant for one hundred acres could be located, so as not to interfere with actual surveys upon the ground, does not help the plaintiff's contention that the warrant was descriptive. The description contained in it was vague and uncertain and, it being conceded that the defendant's sur-

vey was older than that of the plaintiff, judgment was properly entered in the court below, upon the reserved point, for the defendant, non obstante veredicto.

Judgment affirmed.